UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

NAVDEEP SINGH,

    Plaintiff,

v.

GLENN S. GOORD, COMMISSIONER,
DEPARTMENT OF CORRECTIONAL SERVICES, ET
AL.,

    Defendants.

05 Civ. 9680 (SCR)

OPINION AND ORDER

**STEPHEN C. ROBINSON, District Judge:**

    Plaintiff Navdeep Singh, a devout Sikh, commenced this action on November 16, 2005 against Defendants Mazzuca, Annetts, Wohlrab, Commia, Lynch, Stewart, Tabor, Stone, Officer John Doe #2 and #6, Fisher, and Connolly—all of whom are officials of the New York State Department of Correctional Services ("DOCS"). Plaintiff is seeking declaratory and injunctive relief as well as damages for alleged violations of his constitutional rights under the Religious Land Use and Institutionalized Person Act ("RLUIPA"), 42 U.S.C. 2000c *et seq*, 42 U.S.C. 1983, and 1st, 8th, and 14th Amendments to the Constitution. *See generally* Plaintiff's Complaint. Defendants moved for summary judgment on certain damages claims, and filed a supplemental motion for summary judgment on the remaining injunctive and declaratory relief claims.

    This Court referred the petition to Magistrate Judge Lisa Margaret Smith to issue a Report and Recommendation. Judge Smith issued a Report and Recommendation on March 9, 2010, recommending that Defendants' Motion for Partial Summary Judgment

and Supplemental Motion for Summary Judgment should be granted in their entirety, and that Plaintiff's corresponding claims should be dismissed with prejudice. For the reasons set forth below, this Court adopts Judge Smith's Report and Recommendation in its entirety.

## I.  BACKGROUND

Familiarity with the facts and procedural history of this case is presumed. *See* Memorandum Decision and Order, Oct. 9, 2007, Docket #55. The only development, which is noted by Judge Smith, is Plaintiff's release from prison on April 17, 2009. *See* Defendants' Supplemental Memorandum of Law, at 2.

## II.  STANDARD OF REVIEW

In reviewing a Report and Recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C § 636(b)(1). To accept a Report and Recommendation to which no timely, actionable objection has been made, a district court need only satisfy itself that "there is no clear error on the face of the record." *Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985) (citations omitted); *accord Edwards v. Fischer*, 414 F.Supp.2d 342, 346-47 (S.D.N.Y. 2006); *see also Pizarro v. Bartlett*, 776 F. Supp. 815, 817 (S.D.N.Y. 1991) (court may accept report if it is "not facially erroneous").

When specific objections are made, "[t]he district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." FED. R. CIV. P. 72(b)(3); *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997). "[O]bjections to a Report and Recommendation are to be specific and are to address only

those portions of the proposed findings to which the party objects." *Kirk v. Burge*, No. 07 Civ. 7467, 2009 WL 438054, at *1 (S.D.N.Y. Aug. 6, 2009).

However, "when a party makes only conclusory or general objections, or simply reiterates his original arguments, the Court reviews the Report and Recommendation only for clear error." *Renelique v. Doe*, No. 99 Civ. 10425, 2003 WL 23023771, at *1 (S.D.N.Y. Dec. 29, 2003) (collecting cases). Further, district courts "generally should not entertain new grounds for relief or additional legal arguments not presented to the magistrate." *See Ortiz v. Barkley*, 558 F.Supp.2d 444, 451 (S.D.N.Y. 2008) (collecting cases).

### III. DISCUSSION

#### a. Objections to the Report and Recommendation

Plaintiff submits the following objections to the Report and Recommendation:

(1) Judge Smith failed to draw all inferences in Plaintiff's favor in concluding that Plaintiff's claim against Defendant Stewart regarding damage to his Karrah should be dismissed for lack of sufficient evidence;

(2) A reasonable finder of fact could conclude that Plaintiff did exhaust his administrative remedies with regard to his claim of excessive force against Defendant Lynch; and

(3) Judge Smith erred in concluding that monetary damages are not available under RLUIPA for suits against officials in both their official and individual capacity.

Defendants note that Plaintiff does not object to Judge Smith's recommendation that Plaintiff's claims for declaratory and injunctive relief be dismissed as moot. Defendants also point out that Plaintiff did not oppose dismissal of claims against

Defendants Annetts, John Doe #2, Lynch, Mazzuca, Stone, Commia, and John Doe #6. Judge Smith, citing *Lipton v. County of Orange*, 315 F.Supp.2d 434, 446 (S.D.N.Y. 2004), deemed these claims to be abandoned and therefore dismissed them. Since Plaintiff does not object to those conclusions in the Report and Recommendation, the Court adopts Judge Smith's recommendation with respect to these claims.

The Court finds that the three objections Plaintiff makes are merely reiterations of the arguments already fully considered by Judge Smith. *See generally* Plaintiff's Opposition to Defendants' Motion for Partial Summary Judgment. Therefore, the Court reviews Judge Smith's Report and Recommendation for clear error only.

### b. Claim of damage to Plaintiff's Karrah

With respect to the claim of damage to Plaintiff's Karrah, Judge Smith considered the sufficiency of Plaintiff's allegations that Defendant Stewart was responsible as well as the evidence presented to support the claim. She found the allegation to be lacking any support in the record. Plaintiff is correct that he is entitled to have all reasonable inferences drawn in his favor. *See Niagara Mohawk Power Corp. v. Jones Chem., Inc.*, 315 F.3d 171, 175 (2d Cir. 2003). However, the non-moving party must present sufficient evidence such that a jury could reasonably find in its favor – "the mere existence of a scintilla of evidence in support of the plaintiff's position" is not enough. *Anderson*, 477 U.S. at 252. "The non-moving party may not rely on mere conclusory allegations or speculation, but instead must offer some hard evidence showing that its version of the events is not wholly fanciful." *D'Amico v. City of New York*, 132 F.3d 145, 149 (2d Cir. 1998). In this case, Judge Smith found that Plaintiff had not met this

burden. The Court finds that Judge Smith did not err in this conclusion, and accepts her recommendation to dismiss Plaintiff's claim against Defendant Stewart.

### c. 8th Amendment Claim against Defendant Lynch

Judge Smith also did not err in finding that Plaintiff failed to exhaust his administrative remedies with respect to his 8th Amendment claim against Defendant Lynch. It is unreasonable to expect prison officials or the Court to glean the nature of Plaintiff's claim from a statement in a grievance report against Lynch that "there is a whole lot more that if I [Singh] discussed, let alone put on paper, I would be jepardizing [sic] my safty [sic] here at fishkill [sic]." *See* Marden Decl. Ex. 3 (Bates No. 2-10-06 104-105). It was not clear error for Judge Smith to find that the ambiguity of Plaintiff's grievance did not give prison officials enough information to take responsive measures with respect to the allegation that Defendant Lynch used excessive force against Plaintiff. The Court adopts Judge Smith's recommendation to dismiss Plaintiff's 8th Amendment claim against Defendant Lynch.

### d. Damages as an available remedy under RLUIPA

Lastly, Judge Smith carefully considered Plaintiff's arguments that RLUIPA permits damages claims against officials sued in their official and individual capacities, and rejected them based on an analysis of the current precedents within the Circuit. While acknowledging the availability of money damages under RLUIPA has not been settled by the Second Circuit, Judge Smith lays out a clear explanation for why she finds persuasive the decisions in *Pugh v. Goord*, 571 F.Supp.2d 477; *El Badrawi v. Dept. of Homeland Security*, 579 F.Supp.2d 249; and *Bock v. Gold*, No. 05-CV-151, 2008 WL 345890 (D.Vt. Feb. 7, 2008). Plaintiff's attempt to reargue this issue in his objections is

not availing. The Court finds no clear error in Judge Smith's analysis and adopts her recommendation to dismiss the claims for monetary damages against Defendants.

## IV. CONCLUSION

The Court adopts Judge Smith's Report and Recommendation in its entirety. The Court grants Defendants' Partial Summary Judgment Motion and Supplemental Motion for Summary Judgment, and dismisses Plaintiff's corresponding claims. The Clerk of the Court is directed to term docket number 70 and 104.

It is So Ordered.

Dated: White Plains, New York

May 10 ___, 2010

_____
Stephen C. Robinson, U.S.D.J.